**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO. _____**

RUSSELL DISTRIBUTION, INC., and
NEUROPATHY PARTNERS, LLC,

      Plaintiffs,

v.

ANODYNE THERAPY, L.L.C.,

      Defendant.

_____/

## COMPLAINT FOR BREACH OF CONTRACT

      Plaintiffs, Russell Distribution, Inc. and Neuropathy Partners, LLC (collectively, the "Plaintiffs"), sue Defendant, Anodyne Therapy, L.L.C. ("Defendant"), and allege the following:

      1.      This is an action for damages between citizens of different states where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, court costs and attorneys' fees.  This Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

      2.      Plaintiff, Russell Distribution, Inc., is a corporation incorporated under the laws of Texas, having its principal place of business in Texas.  Plaintiff, Neuropathy Partners, LLC, is a Texas limited liability company.  Neuropathy Partners, LLC is comprised of   Michael Russel, a citizen of Texas, United States.   Therefore, Plaintiffs are citizens of Texas.  Plaintiffs are involved in the business of distribution of medical products.

      3.      Defendant is a Florida limited liability company.  Defendant is comprised of one managing member:  Craig Turtzo.  Craig Turtzo is a citizen of the state of Florida and, hence, the Defendant a citizen of the state of Florida.  Defendant is involved in the business of Manufacturing medical products.

4.     This court has personal jurisdiction over Defendant because Defendant is a resident of the state of Florida.  Additionally, this court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(2) by engaging in substantial and not isolated activity throughout the state of Florida and pursuant to Fla. Stat. § 48.193(1)(a) by operating, conducting, engaging in, or carrying on a business or business venture in the state of Florida.

5.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a limited liability company that resides in this judicial district pursuant to 28 U.S.C. § 1391(c)(2).  Venue in this court is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.  Venue is further proper in this court pursuant to the mandatory venue selection clause that is the subject of this lawsuit.

6.     All conditions precedent to the bringing of this action have been performed, excused, and/or waived.

7.     Plaintiffs have retained the undersigned counsel to pursue this action on their behalf and are required to pay them a fee for their services.

8.     On or about April 28, 2018, Plaintiff, Russell Distribution, Inc., and Defendant entered into a Distribution Agreement, whereby among other things, Defendant granted Plaintiff, Russell Distribution, Inc., the non-exclusive right to purchase and resell medical products ("Products") under the terms and conditions set forth in the agreement ("Distribution Agreement").

9.     On or about September 16, 2019, Plaintiff, Russell Distribution, Inc., and Defendant entered into a First Amendment to the Distribution Agreement, whereby among other things, Plaintiff, Neuropathy Partners, LLC, was added as a party to the Distribution Agreement and Defendants granted both Plaintiffs, collectively, the non-exclusive right to purchase and resell

the Products under the terms and conditions set forth in the Distribution Agreement. The Distribution Agreement and the First Amendment to the Distribution Agreement are hereinafter collectively referred to as the Distribution Agreement.

10. Pursuant to Section 7(a) of the Distribution Agreement, the Distribution Agreement was to automatically renew for successive one-year periods after the expiration of the initial two-year term (*i.e.,* April 28, 2020) unless written notice of termination was given by either party at least sixty days prior to the expiration of the initial term (*i.e.,* February 28, 2020) or any renewal term.

11. Defendant did not provide any written notice to Plaintiffs in accordance with Section 7(a) of the Distribution Agreement on or before February 28, 2020 that it was exercising its right to terminate the Distribution Agreement at the end of the initial term (*i.e,* April 28, 2020) and, thus, the Distribution Agreement automatically renewed for a one-year period until April 28, 2021.

12. Nevertheless, after the deadline to terminate the Distribution Agreement pursuant to Section 7(a) had elapsed, on May 12, 2020, Defendant sent Plaintiffs a written notice claiming that it was terminating the Distribution Agreement immediately pursuant to Sections 7(b) and 7(c) of the Distribution Agreement (the "Termination Letter").

13. The circumstances relied upon in the Termination Letter were pretextual, fabricated, unsubstantiated and never occurred. Defendant's true intent for terminating the Distribution Agreement was merely to circumvent the contractual obligations it has to the Plaintiffs under the Distribution Agreement and to sell directly to Blueprint for Practice Automation members.

3

14.     At the time of the Termination Letter, and all material times herein, Plaintiffs had performed all duties and obligations which they were required to perform under the terms of the Distribution Agreement and they remained ready, willing and able to fulfill their obligations for the remaining term of the Distribution Agreement.

15.     Section 7(b) of the Distribution Agreement, which Defendant cited in the Termination Letter as one of its purported bases for terminating the Distribution Agreement, provides that either party may terminate the Distribution Agreement *for breach* of the Distribution Agreement, but only upon *thirty (30) days written notice and opportunity to cure*.  However, the Termination Letter did not provide any notice, nevertheless thirty days' written notice, nor an opportunity to cure, and Plaintiffs never even breached the Distribution Agreement.  As such, for either and/or both of the foregoing reasons, the Termination Letter was not authorized pursuant to Section 7(b) of the Distribution Agreement.

16.     Section 7(c) of the Distribution Agreements, which Defendant cited in the Termination Letter as its other purported basis for terminating the Distribution Agreement, provides that Defendant may terminate the Agreement immediately upon written notice, but only upon *the grounds stated in Section 5(i), 5(m) and 5(n)*.   Plaintiffs did not breach Sections 5(i), 5(m) and 5(n) and, as such, the Termination Letter was also not authorized pursuant to Section 7(c) of the Distribution Agreement.

17.     Defendant's unauthorized and improper termination of the Distribution Agreement constitutes a breach of the Distribution Agreement.

18.     Additionally, Defendant's termination of the Distribution Agreement was made in bad faith and in breach of the covenant of good faith and fair dealing implied in all contracts in the state of Florida.

19.     Moreover, upon Defendant's unauthorized and improper termination of the Distribution Agreement, Defendant further breached Section 6 of the Distribution Agreement by selling the Products directly to resellers who are active participants in Blueprint for Practice Anodyne program.

20.     As a direct and proximate result of Defendant's breaches of the Distribution Agreement, Plaintiffs have suffered and will continue to suffer significant damage including, but not limited to, lost business, sales and profits, and damaged goodwill in its relationships with customers and other consequential damages.

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendant for damages, costs and all other legal and equitable relief proper, including directing Defendant to comply with the terms of the Distribution Agreement, including Section 6 of the Distribution Agreement.

ROSENTHAL LAW GROUP
2115 N. Commerce Parkway
Weston, FL  33326
954.384.9200
954.384.0017 Fax

By:/s/ Alex P. Rosenthal
    Alex P. Rosenthal
    Fla. Bar No. 815160
    alex@rosenthalcounsel.com
    Amanda Jassem Jones
    Fla. Bar No. 26260
    amanda@rosenthalcounsel.com